# Albright *v.* Albright, Appellant.

*Equity—Ownership of business—Profits—Accounting.*

Where a bill in equity is filed by a father against two of his sons to regain possession of a business, and for an accounting of profits, and the lower court enters a decree in favor of the father as to the ownership of the business, and in favor of the sons as to a share in the profits thereof, the appellate court in reversing the decree in favor of the sons will direct that it shall be without prejudice to them to assert any legal claim they may have for services or otherwise arising out of their relations with the business.

Argued April 19, 1910. Appeal, No. 404, Jan. T., 1909, by defendants, from decree of C. P. No. 2, Phila. Co., March T., 1907, No. 4,210, in case of Chester E. Albright *v.* Chester E. Albright, Jr., and William L. Albright. Before FELL, C. J., BROWN. MESTREZAT, POTTER and STEWART, JJ. Reversed.

Bill in equity for an accounting and to obtain possession of a factory and business.

*Error assigned* was decree of court.

*John G. Johnson,* with him *Joseph W. Gross* and *Dimner Beeber,* for appellants.

*Alex. Simpson, Jr.,* with him *N. M. Edwards,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1910:

We have held in an opinion handed down herewith, ante, p. 552, in an appeal by the plaintiff from this same decree that the prayer of the bill should have been granted, and the defendants required to account to the plaintiff for the moneys received by them from the plaintiff's business. In this appeal by the defendants, error is as-

signed, inter alia, to several paragraphs of the decree. The assignments must be sustained in so far as error is alleged in the parts of the decree, contained in said paragraphs, awarding to the defendants any part of the business or profits arising therefrom and denying the plaintiff the right to the possession of the assets of the concern and requiring the plaintiff to give a bond for the possession of such assets. As we held in the other appeal, the defendants have no right to the plant or any part of the profits arising therefrom and, hence, this appeal must be sustained in so far as error is alleged in the decree awarding such profits to the defendants. Our decree, however, will be made without prejudice to the rights of the defendants or either of them to assert any legal claim they may have for services or otherwise arising out of their relations with the plaintiff's manufacturing business.

The decree of the court below is reversed at the costs of the appellants without prejudice to the rights of the defendants to recover from the plaintiff any sum or sums due them or either of them for services rendered the plaintiff in or about the business for which he seeks an accounting in this proceeding.