## Reid's Estate.

*Executors and administrators—Reasonable compensation.*

Where it appeared that the compensation claimed by executors of a decedents estate was fair and just taking into consideration the character of the services rendered, the responsibility incurred and the zeal and fidelity with which the trust of the accountants was carried out, the court properly allowed the amount claimed.

Argued May 12, 1915. Appeal, No. 99, Jan. T., 1915, by Helen J. Mustin, Marshall Earle Reid and Grace E. Reid, from decree of O. C. Northumberland Co., May T., 1909, No. 4, dismissing exceptions to report of auditor in estate of Marshall Reid, Deceased. Before BROWN, C. J., MESTREZAT, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to auditor's report. Before MOSER, J.

The opinion of the Supreme Court states the case.

The lower court dismissed the exceptions to the auditor's report. Helen J. Mustin, Marshall Earle Reid and Grace E. Reid, appealed.

*Error assigned,* among others, was in dismissing exceptions to the report of the auditor.

*William H. Hackenberg,* with him *George B. Reimensnyder,* for appellant.

*W. H. M. Oram,* with him *James B. Krause,* for appellee.

PER CURIAM, May 26, 1915:

The complaint of the appellants is that excessive compensation was allowed by the court below to the appellees for their services as executors. The auditor to whom the matter was referred in the first instance, after taking a mass of testimony, reported as follows: "Your auditor has taken into consideration the burden of the executors with respect to their responsibilities and labor in connection with the estate generally, and is of the opinion that the compensation claimed by them for their services is fair and just......From an examination of the authorities relative to the amount of commissions paid to executors, it appears that the labor and responsibility of each particular case determine what is a fair compensation for services performed. It is not a question whether or not the services are worth two, three, four, five or more per cent., but what is a fair and just compensation for the administration of the estate by the accountants. From the character of the services rendered, the responsibility incurred and the zeal and fidelity with which the trust of the accountants was carried out in this case, your auditor regards the sums of money claimed by them as commissions and compensation as fair and not unreasonable." In dismissing the exceptions to the report of the auditor, the court below said: "The administration of this estate and the work entailed in the management of the affairs thereof were a large and difficult task extending over a long period of time. The executors performed their duties with fidelity and displayed marked efficiency in the special service required. The so-called friction that developed between the accountants and the widow and heirs of the decedent,

only tended to make the task more difficult. The auditor considered all questions pertinent to the issues involved quite fully and with care in the discussion contained in his report. We are in accord with him in his conclusions, so that further comment here is unnecessary." This we approve, and affirm the decree of the court below at appellants' costs.