## Taylor's Estate.

*Executors and administrators—Commissions—Nature of service.*

1. A commission allowed to executors should be fair and just, taking into consideration the character of the services rendered, the responsibility incurred, and the zeal and fidelity with which the trust was carried out.

2. Under the circumstances of this case it was proper for the orphans' court to allow to an executor four per cent on a principal of $1,777,634.36, and five per cent on an income of $106,708.23, the duties and responsibilities being much more than ordinary, and the services being both as executors and trustees.

*Wills—Legacy—Expenses of administration.*

3. Where testator gives one-third of his estate to his wife, one third to his daughter, and one-third to various pecuniary legatees, the daughter cannot claim that she should be paid her one-third without deduction of any share of the expenses of administration, because testator had provided that the individual beneficiaries should be free from taxes on their shares, and in the section relating to the remaining one-third, he directed that if the remaining one-third was insufficient to pay the pecuniary legacies specified, such legacies should abate proportionately, and further directed

that "nothing contained in this section shall in any manner reduce the devises and bequests made in any preceding" part of the will.

Argued October 9, 1924. Appeal, No. 52, Oct. T., 1924, by Lillian T. McIntosh, daughter of testator, from decree of O. C. Allegheny Co., June T., 1923, No. 217, dismissing exceptions to adjudication in estate of Charles L. Taylor, deceased. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Exceptions to adjudication of Trimble, J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed. Lillian T. McIntosh, daughter of testator, appealed.

*Error assigned* was, inter alia, above decree, quoting record.

*Wm. Clarke Mason,* for appellant.—The charges were excessive: Harrison's Est., 217 Pa. 207; Young's Est., 204 Pa. 32; Moore's Est., 211 Pa. 343; Kelley's Est., 250 Pa. 172.

*William Watson Smith,* of *Gordon, Smith, Buchanan & Scott,* for appellees, cited: Middleton's Est., 66 Pa. Superior Ct. 55; Barclay's Est., 2 W. N. C. 447; Roger's Est., 17 W. N. C. 29; Gyger's App., 74 Pa. 42; Holt's Est., 12 Pa. Dist. R. 205; Reid's Est., 250 Pa. 103; Eshleman's App., 74 Pa. 42; Harbster's App., 125 Pa. 1; Gilpin's Est., 138 Pa. 143; Lilly's Est., 181 Pa. 478; Sunderland's Est., 203 Pa. 155; Sinnott's Est., 231 Pa. 299.

Opinion by Mr. Justice Schaffer, Nov. 24, 1924:
Appellant, a daughter and legatee under decedent's will of more than one-third of his residuary estate, complains in two respects of the decision of the orphans'

court; first, that it did not reduce the commissions claimed by the two executors, a trust company and an individual, who were also named as trustees, and, second, that it did not distribute her share without deduction for its proportion of the expense of administration. Decedent's widow, mother of appellant, whose interest in the estate is at least as large as that of complainant, did not file exceptions, has not appealed and apparently is satisfied with. the conclusion reached.

Testator, who died February 3, 1922, left an estate amounting, as shown by the accounts filed, to $1,777,-634.86. The executors collected income thereon aggregating $106,708.23. On the principal, the court awarded the accountants a commission of 4% and on income of 5%; appellant contends these amounts are excessive.

The services rendered by the executors covered a period of sixteen months. Among other duties required of them was the making of tax settlements in eleven different states, involving a separate accounting in each. Numerous conferences were held with the widow and daughter, who under the terms of the will were authorized to take securities of the estate in kind, and, to enable them to arrive at a conclusion as to this, many statements had to be prepared for them; the work in this respect was duplicated, owing to a change of counsel by the widow. The auditing judge found the widow and appellant had not made the selection of the assets of the estate with reasonable promptness, and that this delayed the administration of the estate and placed upon the fiduciaries burdens which should not have been put upon them.

Among the assets were $750,000 of coupon bonds passing by delivery, which the accountants were required to handle and safeguard. Decedent had invested about $100,000 in California, where it was necessary to raise ancillary administration. The trust officer of executor trust company was required to go to that state to examine and check up these assets and to arrange for rep- .

resentation of the estate on the board of directors of a corporation there located, in which it had a substantial interest. The duties performed by the executors involved not only the usual ones connected with the settlement of the federal estate tax and the taxes due this Commonwealth, but claims for taxes alleged to be due on a trust fund of $100,000 created by testator in his lifetime and for income taxes alleged to be due by decedent before his death. Decedent had been guardian for two minors and had not filed any accounts for sixteen years. The executors were required to file voluminous accounts covering the affairs of these wards. From this recital of the outstanding features connected with the settlement of the estate, it is apparent there was much more required of the executors than a mere perfunctory accounting.

We are not prepared to say, considering the size of the estate, the responsibility assumed, the good judgment required in its handling and the work performed, that the commissions claimed and allowed were excessive, when it is taken into account that the commissions on the corpus of the estate covered services both as executors and trustees. Without elaborating all the authorities which can be gathered together on the subject of fiduciaries' commissions it is sufficient to say that the rule we have approved is that laid down in Reid's Est., 250 Pa. 103, that the commissions allowed should be fair and just, taking into consideration the character of the services rendered, the responsibility incurred and the zeal and fidelity with which the trust of the accountants was carried out.

The second contention of appellant is that the testator by a provision in his will intended that the one-third share of the residue of the estate bequeathed to the appellant was to be free and clear from expenses of administration. Testator devised one-third of the residue of his estate to his wife and one-third to his daughter, the appellant, in trust. The remaining third of the

residue is then disposed of and a number of pecuniary bequests provided for, followed by this language: "If the said remaining one-third of my estate (with the aforesaid additions thereto, if any) is not sufficient to pay in full the pecuniary legacies set forth in this section of this article, they shall abate proportionately and nothing contained in this section of my will shall in any manner reduce the devises and bequests made in any preceding section of this article or in any preceding article of this will." It is argued that this language shows an intent on the part of the testator, who had specifically provided that the individual beneficiaries should be relieved from the payment of taxes upon their shares of the estate, that his widow and daughter were each entitled to one-third of his estate and that their shares were not to be reduced in any manner whatsoever. We fail to see anything in this language which would relieve the share of the appellant from the payment of her proportion of the administration expenses.

The assignments of error are overruled and the decree of the court below is affirmed at the cost of appellant.