JOSEPH F. McALEAR *et al. vs.* JOSEPH F. McALEAR *et al., Admrs.*

FEBRUARY 7, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This proceeding is an appeal to the superior court by the two administrators of the estate of Celia B. Kavanaugh, late of the city of Providence, deceased, from a decree of the probate court of that city. By this decree their final account was approved with certain amendments; fees for their services as such administrators were allowed in the amounts of $700 for Mr. McAlear and $1600 for his co-administrator Mr. Cawley; and a further allowance was made to the former for an attorney's fee in the amount of $1200. This was for the services of an attorney who had acted for and assisted him in the administration of the estate.

The administrators alone took an appeal to the superior court from this decree; and in that court they filed reasons of appeal, in which they specified only that the amendments were contrary to the law and contrary to the evidence, and

that the amount of compensation to them, as fixed by the decree, was "inadequate and contrary to the law and the evidence." No one, by any specification of a reason of appeal, attacked the above allowance of $1200 for an attorney's fee. The appeal was tried before a justice of the superior court, sitting without a jury; and at the trial the reasons of appeal based on the amendments above mentioned were not pressed, but the reasons of appeal based on the amounts allowed to the administrators for their own services were pressed.

In support of these latter reasons, testimony by one of the administrators, Mr. Cawley, an experienced member of the bar of this state, was introduced to show what his services and those of his co-administrator had respectively been in the administration of the estate and what in his opinion their respective services had fairly and reasonably been worth to the estate, of which the assets amounted to $43,551.11. He also described extensive legal services performed by the attorney of his co-administrator, for the benefit of the estate. Another experienced member of the bar of this state also testified, as an expert, to what, in his opinion, were fair and reasonable amounts to be allowed for the services of the administrators, in view of the size of the estate and the nature and extent of the services, as testified to by Mr. Cawley. There was no opposing evidence.

At the conclusion of the trial, the trial justice rendered a decision, in which he stated that there was no necessity for the employment of an attorney by Mr. McAlear, in view of the fact that his co-administrator was an experienced lawyer who was "amply able to take care of everything that pertained to the estate." Further on in his decision, he also said that he thought that the probate court was in error when it allowed the item for payment of compensation for Mr. McAlear's attorney; that he did not think that the law permitted any such allowance by the court, but that it was a matter for Mr. McAlear to pay his attorney for the latter's services were reasonably worth.

For these reasons, the trial justice struck out the above item from the account; and after considering the amount of the estate and the evidence submitted to him as to their services, he decided that Mr. McAlear should be allowed a fee of $1500 for his services and that Mr. Cawley should be allowed a fee of $2000 for his services, the difference between these fees being due to the latter's services as an attorney in connection with an action which was brought against the estate on a claim for $7500 and which was settled, without trial, for $2500.

The instant case is now before us on only one exception, which was taken by the administrators to this decision, involving three items of the account, and which was based on the grounds that the decision was against the evidence; that it was contrary to law; and that it was against the law and the evidence. Attorneys for the administrators have contended before us that Mr. McAlear should have $2000 and Mr. Cawley $3000; and attorneys for the next of kin of the intestate have presented arguments in support of the decision of the trial justice.

We shall consider first that part of the decision by which the trial justice struck out of the account, as allowed by the probate court, the item of a credit of $1200 to Mr. McAlear for the services of his attorney. If the trial justice meant to rule that, in case there are two administrators of an estate and one of them is an experienced and competent lawyer, able to attend to all the legal matters connected with the administration of the estate, his co-administrator is never justified in employing another lawyer to give him legal advice and assistance in the performance of his duties, we cannot agree with the trial justice.

On the evidence before the superior court in the instant case Mr. McAlear was, in our judgment, justified in employing the attorney for whose fees an allowance was made to the former in the account as approved by the probate court and to have this attorney perform for the benefit of the

estate the services which he did perform, evidently with the knowledge and consent of the other administrator.

So also, if the trial justice meant to rule that the law does not permit a probate court to allow, in an administrator's account, a credit for an expense properly incurred by him for the services of a lawyer which were of benefit to the estate, we cannot agree with such ruling. That is the proper way of reimbursing an executor or administrator, to the extent of the benefit to the estate, for expenses properly incurred by him for expert assistance in the performance of his duties. G. L. 1923, chap. 370, sec. 7 is as follows: "Executors and administrators shall be allowed in their accounts all reasonable and proper charges and disbursements made by them for the funeral of the deceased *and in the execution of their trust.*" (italics ours) See *Evans* v. *Trustees of University of Pennsylvania,* 60 R. I. 171, 197 A. 438, and authorities cited.

But to us the decisive point on this feature of the case is that in our opinion the superior court, on this appeal, had no jurisdiction to do anything as to this item of a credit to Mr. McAlear for the fees of his attorney. As the allowance of that item would reduce the amount for distribution to the next of kin, they could have taken an appeal from that part of the decree; but, as above stated, no such appeal was taken. Further, the allowance of that item by the probate court was not specified in the reasons of appeal, as originally filed by the appellants. No reason of appeal, based thereon, was added by amendment under G. L. 1923, chap. 362, section 1, requiring that a party appealing from a decree of a probate court must, within a certain time, file in the superior court "his reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with or without terms, the superior court shall allow amendments thereof and additions thereto."

The conclusion, that in such a situation as that in the instant case such an item in an account, as allowed by a

decree of a probate court, cannot legally be stricken out by the superior court on an appeal, not only follows from the natural and reasonable construction of the language of the statute just cited and quoted from, but is supported by language of this court in *Vaill* v. *McPhail,* 34 R. I. 361, 370, 83 A. 1075. There it is stated that an appeal from a probate court is taken to a single order or decree, and that although, by the terms of the statute, the appellant is restricted to the reasons of appeal specifically stated, yet "unless the subject matter of the decree appealed from *is separable, as in the case of an account,* the nature of the proceeding necessitates a retrial of the matter upon which that particular order or decree was based." (italics ours) This conclusion is also strongly supported by the reasoning of this court in *Gilbert* v. *Hayward,* 37 R. I. 303, 92 A. 625.

Therefore we are of the opinion, as above stated, that the superior court, on this appeal, had no jurisdiction to do anything as to this item of a credit to Mr. McAlear for the fees of his attorney. But in view of the fact that the action of the superior court as to this item was not attacked in any of the briefs filed with us or in any of the oral arguments before us, the question has arisen in our minds whether we can properly review that action.

This court has frequently declined to rule on an exception which was contained in a bill of exceptions prosecuted here but which was not pressed in a brief or by oral argument. But, so far as we are aware, this court has never taken the position that when a decision by a justice of the superior court has been brought to this court for review, by a bill of exceptions or an appeal, the fact that a certain part of that decision, thus brought up, is not attacked in any of the briefs and arguments, prevents this court from reversing that part of the decision, if satisfied that the superior court erred therein because it was without jurisdiction over the subject matter thereof.

In *Stiefel* v. *14th St. & Broadway Realty Corp.*, 48 Fed. (2d) 1041, decided by the United States circuit court of appeals for the second circuit, an objection had been made to the action of the United States district court on the ground that it had no jurisdiction over the case, because both the parties were citizens of New York and had never consented to such jurisdiction. At page 1043 the upper court says: "It is true that in this court the point, though it is among the errors assigned, was not argued. But that makes no difference. As the cause stood in the District Court, when it was removed by the appeal, that court had no jurisdiction over it; the judgment was *non coram judice,* and the defendant's failure to press it in this court could have no effect there. The judgment must be reversed, and the cause remanded, with instructions to dismiss for lack of jurisdiction." See also *Delaware, L. & W. R. Co.* v. *Scales,* 18 Fed. (2d) 73; *Prince Line* v. *American Paper Exports,* 55 Fed. (2d) 1053.

In *Perry* v. *Stanfield,* 278 Mass. 563, the court held that the question of the jurisdiction of the lower court over the subject matter of the case, being one for damages for a collision of vessels occurring on inland navigable waters of the United States, "was raised by a request for ruling presented to the trial judge. Since it touches the jurisdiction of the court to entertain the case, it must be determined, although not argued in the defendant's brief. *Eaton* v. *Eaton,* 233 Mass. 351, 364 . . . ." In determining this question the court held that the lower court did have such jurisdiction.

In *Eaton* v. *Eaton, supra,* the same court, at page 364, says: "The defendant filed a demurrer, for want of equity amongst other causes, and appealed from an interlocutory decree overruling it. The same matter was set up in answer. The defendant in open court has waived her demurrer. Under these circumstances it is necessary only to consider whether the court has jurisdiction of the subject matter. Consent or waiver by the parties cannot confer jurisdiction

over a cause which is not vested in the court by law. It is the duty of the court to consider that point of its own motion."

In *State* v. *Battey*, 32 R. I. 475, 80 A. 10, the defendant in a criminal case in the superior court had waived a trial by jury and was tried and convicted by a justice of that court sitting without a jury. In the supreme court, although the defendant did not raise the question of jurisdiction in his bill of exceptions and apparently did not try to raise it otherwise, it was held that the proceedings in the superior court were void for want of jurisdiction because the statute required a trial by jury in such a case in that court and the defendant could not waive that requirement.

We are of the opinion that in the instant case we can properly pass upon the question of the jurisdiction of the superior court over the subject matter of the action of the probate court in allowing the credit of $1200 to the administrator McAlear for the fee of his attorney. For the reasons previously stated, we hold that the trial justice had no jurisdiction over that subject matter and that he erred in striking out that item from the account.

We now take up his allowance of $1500 to Mr. McAlear and $2000 to Mr. Cawley for their respective services, instead of the sums of $700 and $1600 allowed to them respectively by the probate court.

In his testimony in the superior court, Mr. Cawley said that, as the administrators had been led to believe that the estate was much larger than it proved to be, they spent much time in trying to discover other assets; that correspondence with the numerous next of kin of the deceased took much time; that they had to realize on several mortgages by selling the properties on foreclosures, bidding in the properties, taking care of them and later selling them at private sales; that much time and work were required for preparing several times for trial of the above-mentioned action brought on a claim against the estate; and that he did considerable work in the matter of inheritance taxes.

He could give the court no definite information at all as to how much time he or his co-administrator had spent in the performance of their duties, because he had kept no record of the dates when he had performed services, or what they were or how much time was consumed in performing them. He stated that, in his opinion, in a case of this kind the fees of executors or administrators should be about 10% of the amount of assets in the estate; that, as the amount of the assets in this estate was somewhat over $43,000, the fees of both administrators should aggregate about $4300 and that he himself should have, in addition, about $1000 for his services as attorney in connection with the action brought on a claim, as above stated. His idea seems to have been that he should be allowed $3150 and his co-administrator $2150. The attorney who testified as an expert for the appellants substantially supported these estimates.

The trial justice, after considering the evidence, and finding that the administration involved no unusual difficulties, except as to the above-mentioned action, made the above-stated allowances of $2000 for Mr. Cawley, and $1500 for Mr. McAlear. In view of the indefinite character of most of Mr. Cawley's testimony and his natural interest in his own favor, we cannot fairly say that the finding of the trial justice as to the fee to be allowed to him was against the evidence or the weight thereof or that it failed to do justice to that administrator.

From the language of the decision, it is clear that the amount of $1500 for Mr. McAlear's fee was fixed in view of the fact that the trial justice had found that the item of a credit of $1200 to that administrator, for his attorney's fee, should be stricken out of the account and that it was a matter for him to pay for the attorney's services. Therefore, as we have found that this item of credit should stand as allowed by the probate court, the amount of Mr. McAlear's fee for his own services must be redetermined on the basis of his attorney's fee having been taken care of separately.

There was no conflict in the testimony before the superior court and we are therefore inclined to the opinion that we should determine this fee for Mr. McAlear's services rather than remit the case to the superior court for a new trial on this point. Taking into consideration all the testimony before that court which bears on this question, and taking into consideration also the fee as allowed by the probate court at $700, we are of the opinion that, under the circumstances, that would be a proper amount for that fee.

The appellants' exception is sustained in part. On February 17, 1939, the parties may appear before this court and show cause, if any they have, why the case should not be remitted to the superior court with direction to enter a decree including therein the allowance of a fee of $2000 to Mr. Cawley for his services, a fee of $700 to Mr. McAlear for his services and a credit of $1200 to the latter in reimbursement of expenses incurred by him for services rendered to the estate by his attorney.

*Edward W. Day,* for appellees.

*Joseph C. Cawley, Francis J. Barlow, J. Joseph Fitzpatrick, Jr.,* for appellants.