HENRIETTA VIRGINIA SHEA *vs.* WILLIAM S. SHEA *et al.*

AUGUST 11, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J.   This proceeding was commenced in the juvenile court on February 18, 1947 by the petition of William S. Shea and his wife Mexilia B. Shea, hereinafter called the petitioners, for the adoption of Henrietta Virginia Shea, child of William S. Shea by a former marriage.  From a decree of the juvenile court granting the petition, the child, sometimes called the respondent, by her guardian and next friend Gwendolyn Boudreau, took an appeal to the superior court and claimed a jury trial.  That appeal was heard in the superior court before a justice thereof sitting with a jury, and at the conclusion of a lengthy trial the jury returned a verdict granting the petition for adoption and awarding custody of the child to the petitioners.  After denial of her motion for a new trial, the respondent duly prosecuted the present bill of exceptions to certain evidentiary rulings made during the trial, to the refusal of the trial justice to grant her motion for a directed verdict, and to the denial of her motion for a new trial.

It appears from the testimony that the petition for adoption was brought by William S. Shea and his present wife Mexilia B. Shea, both of Woonsocket in this state, seeking adoption of Henrietta Virginia Shea, a daughter of William S. Shea and his former wife Lillian Beck Shea; that the child was born on December 28, 1936; that her mother died on July 8, 1937; that thereafter the child lived in the home of her grandmother Mrs. Henrietta Beaulieu until the latter's death in 1943; and that since that date she has lived with her godmother and present guardian Mrs. Gwendolyn Boudreau of Providence.

It further appears that in 1938 the grandmother petitioned the probate court for permission to adopt the child and that petitioner William S. Shea gave his consent in writing to such adoption, which was granted on August 12, 1938. The grandmother died on October 25, 1943, and on December 3, 1943 Gwendolyn Boudreau was appointed by the probate court of Providence as guardian of the person of the child and Thomas B. Sullivan was appointed guardian of her estate.

At the hearing before us the respondent waived many of her exceptions to the rulings of the trial justice relating to the admission and exclusion of evidence. Most of the remaining exceptions, though briefed, are merely stated and appear to be trivial in character and of no material effect so far as the verdict of the jury is concerned. Accordingly we shall discuss only those exceptions which appear to be relied on as important.

Exception 10 involved the following question which the petitioner William S. Shea was permitted to answer: "And at the time you filed this petition for adoption, did Henrietta make her First Communion?" The answer was "No, sir." In view of other pertinent testimony the question was proper since it involved a relevant fact that might properly be considered by the jury in determining the conditions under which the child had been living and what attention would be given to her religious education if she continued to live with her guardian. This exception is overruled.

Exception 11 relates to the following question to which the court permitted an answer: "And I'll ask you whether or not you were present at the time Henrietta made her First Communion?" Since the father had previously testified without objection that he had made all arrangements for her First Communion after he had filed the petition for adoption, it would appear proper to inquire whether he had been present at this ceremony as bearing upon the

extent of his interest in the child's welfare. This exception is overruled.

Exception 13 related to a written report showing the progress of Henrietta at school. It was marked "Petitioner's Exhibit D for Identification" but was never presented as a full exhibit and was not the subject of further examination. In view of the other testimony of the witness as to the child's marks, to which no exceptions were taken, it is difficult to see how a report which contained the same matter could be prejudicial to the respondent when it was not made the subject of examination or cross-examination and never reached the jury. This exception has no merit and is overruled.

Our examination of exceptions 21, 24, 63, 84, 85, 88, 89, 97, 103, 111 and 113 relating to the disallowance of certain questions upon objection of the petitioners discloses that such questions called for an expression of opinion on the part of witnesses who possessed no special qualifications or expert knowledge entitling them to thus testify, and the answers thereto, if permitted, would have clearly invaded the province of the jury. These exceptions are overruled. Exceptions 65 and 66 are overruled because the answers objected to were stricken out by the court on objection of the respondent, who therefore was not prejudiced thereby.

We have carefully examined the remaining exceptions of the respondent to the admission or exclusion of evidence and find they are so lacking in merit as not to require extended discussion here. In our opinion the respondent was not prejudiced by any of the rulings complained of and all such exceptions are overruled.

Exception 161 is to the refusal of the court to direct a verdict for the respondent on the ground that under the provisions of general laws 1938, chapter 420, §5, the petition could not be granted unless the child had lived for six months in the proposed home. Since that chapter further provides "that such period of residence may be waived and such petition granted by the court upon good cause shown,

when satisfied that the proposed home and the child are suited to each other," the respondent contends here that the question of waiver was for the trial justice to decide and not for determination by the jury. At the trial, however, she argued her motion solely on the ground that there was no evidence upon which the jury could reasonably find that the six months' requirement should be waived. In connection with that contention we have examined the record and we are of the opinion that it is without merit.

As to the contention which respondent has advanced here for the first time in support of her exception to the trial justice's denial of the motion for a directed verdict, we are of the opinion that she is not entitled to raise it because in our view the question of waiver was not brought to the superior court for review under her reasons of appeal. While her appeal removed the proceeding to the superior court for trial *de novo* such trial is restricted under our statute to the questions necessarily raised by the reasons of appeal. G. L. 1938, chap. 573, §1. This is especially so where as here the question of waiver is clearly separable. See *Vaill* v. *McPhail,* 34 R. I. 361, 370; *Gilbert* v. *Hayward,* 37 R. I. 303, 306; *McAlear* v. *McAlear,* 62 R. I. 158. Respondent's reasons of appeal to the superior court do not contain a reason expressly stating a claim of appeal on that ground or one from which such ground could be reasonably inferred. Exception 161 is therefore overruled.

Exception 162 is to the denial of respondent's motion for a new trial. In his decision the trial justice reviewed the testimony, passed upon the credibility of various witnesses and expressed his independent judgment that the verdict was in accordance with the preponderance of the evidence. We have carefully reviewed the entire evidence and we cannot say that the decision of the trial justice is clearly wrong. In such circumstances we cannot disturb it. The other exceptions briefed by the respondent have been considered and found to be without merit.

All the exceptions of the respondent Henrietta Virginia

Shea are overruled, and the case is remitted to the superior court for the entry of a decree affirming the decree of the juvenile court appealed from.

*Thomas J. Flynn, Robert T. Flynn,* for respondent Henrietta Virginia Shea.

*Kirshenbaum & Kirshenbaum,* for petitioners William S. Shea *et al.*