## McCune Estate

40

*Reed, Ewing & Ray*, for accountants.

*Joseph A. Rieser*, for exceptant.

SOHN, J., October 11, 1950.—This matter is before the court on objections to an account and statement of proposed distribution filed by Howard McCune and Dewey McCune, executors of the last will and testament of Thomas W. McCune. Objections were filed by the Beaver County Trust Company and Mary B. McCune, widow of Thomas W. McCune.

Thomas W. McCune died July 6, 1947. In a will dated June 10, 1943, he appointed his sons, who are the accountants, as executors. Letters testamentary on this will were issued by the register of wills July 9, 1947. After probate of the will the executors were informed that another will was executed by Thomas W. McCune, on July 3, 1947. On December 10, 1947, the proponents of the second will appealed from the probate of the first will. On April 13, 1950, after a hearing before the court and a hearing before the register of wills, the second will was found to be the last will and testament of decedent, and was admitted to probate. Thirty-two months elapsed between the probate of the first will and the date when the second will was admitted to probate. During the interim the executors named in the first will proceeded with the administration of the estate and filed their final account which was confirmed nisi October 4, 1948. The exceptions now before the court were filed to this account. There are a number of exceptions, all but two of which are moot because the

questions involved in the exceptions have been determined by adjudication incident to the probate of the second will. The two questions which counsel concede raise the only issues are: (1) Should the executors be surcharged for paying transfer inheritance tax to the Commonwealth on $500 not claimed as a widow's exemption? (2) Should accountants be allowed credit for executors' fees, attorneys' fees, cost of advertising of executors' notices, and fees paid the register of wills and the clerk of courts?

Counsel for the accountants concede that the failure to claim the widow's exemption of $500 and the payment of tax on that sum should have saved the estate $10 in tax, and was in error. They agree that the executors should be surcharged in the amount of $10.

The remaining question is whether or not under the circumstances in this case accountants may claim as a credit in the account their commission, attorneys' fees, costs of advertising, and filing fees. We conclude that accountants are entitled to the credits claimed. Under the facts in this case a period of 32 months elapsed between the time of granting letters and the legal determination that the second will was the last will and testament of decedent. During this period of time, the accountants proceeded with the administration of the estate, and in our opinion properly so.

In Irwin v. Hanthorn, 1 Pa. Superior Ct. 149, 154, Judge Beaver referred to a case of Shauffler v. Stoever, Administrator, 4 S. & R. 202, where he said:

"It was distinctly ruled that a decree of the register's court revoking letters of administration and directing them to issue to another person, which decree had been appealed from by the administrator, did not, while the appeal was pending and undetermined in the Supreme Court, suspend his power to proceed in the recovery of the debts due to his intestate."

In Lowe's Estate, 326 Pa. 375, 384, Mr. Justice Stern said:

"The fees of counsel allowed by the court covered legal services rendered both in the issue devisavit vel non and in the administration of the estate, no apportionment being made. The amount of the charge is not challenged as excessive, the only objection advanced being that no allowance whatever should have been made to the executor for expenses incurred in defending the will."

The specific question before the court for determination was before Judge Windle in the Orphans' Court of Chester County, in Moore's Estate, 20 D. & C. 183, in which case he held:

"Under all the circumstances, we have no hesitancy in concluding that the expenses referred to are proper items of credit to be allowed the administrator. They include no expenses incurred in the contest of the will and the trial of the issue d. v. n. in the court of common pleas. If they did, a very different question would be presented. Nor is the administrator charged with any guilty knowledge making him in any way a party to the fraud endeavored to be perpetrated. It is admitted by counsel for Miss Willis that he acted in all good faith in taking out letters, filing the bond, renting a safe deposit box, and employing counsel. He safeguarded the estate, collected income on the investments, and paid the usual and ordinary expenses of such an administration. He did what any administrator should have done. We see no reason why he should not receive credit for his payments complained of. If he had been a party to the fraud here undoubtedly present, again a different question would have been presented, but he was not, and we do not have to consider such a situation. His conduct was in all bona fides, and he cannot therefore be punished for the wrongdoing of another of which he had no knowledge, actual or constructive. . . .

"But, aside from this, we believe that even if she were the guilty person, if Zell knew nothing of the wrongdoing, his expenses of administration were properly incurred, and credit therefor should be allowed him. He certainly has done nothing to warrant imposing them upon him. He was in fact obliged to incur them under the appointment from the register of wills —he was obliged to administer the estate, and to do so he had to pay the sums in question and was entitled to his own compensation. He may not look to the register of wills for them nor to Hannah Swartz—she merely renounced in his favor, and he is not engaged or employed by her—she is not liable to him for such expenses. There is no reason why he, an innocent man, should pay them out of his own pocket—especially when the estate got the benefit thereof. True, it may be unfortunate for the heirs if their shares are cut down by the duplication of fees and expenses, but that is a hardship which might have been avoided by a petition for the appointment of an auditor to distribute rather than taking out other letters of administration, as counsel for Zell suggests, and, if not avoidable, the fault for which presumably lies at the door of Hannah Swartz and not of Charles A. Zell. If anyone were to be punished therefor, it should presumably be the former and certainly not the latter. The suggestion that upholding the validity of such expenditure opens the door and renders it easy for evilly-disposed persons to forge wills in their favor and have letters c. t. a. granted to innocent third parties is not persuasive or controlling— the question is what is the legal status of the matter."

We conclude that the credits claimed should be allowed, not only on the basis of the authorities cited, but also under the circumstances in this case. It was necessary that the administration of the estate proceed during a period of more than three and one-half years. Had the administration not been so proceeded with,

loss might have resulted to the estate. In discussing the duties of fiduciaries, Mr. Justice Schaffer, in Taylor's Estate, 281 Pa. 440, 443, said:

"Without elaborating all the authorities which can be gathered together on the subject of fiduciaries' commissions it is sufficient to say that the rule we have approved is that laid down in *Reid's Est.*, 250 Pa. 103, that the commissions allowed should be fair and just, taking into consideration the character of the services rendered, the responsibility incurred and the zeal and fidelity with which the trust of the accountants was carried out."

No question is raised in the instant case that the accountants did not properly perform their duties. It is contended that inasmuch as they are not the executors in the will finally determined to be the last will and testament of decedent, they are not entitled to the credits to which objection has been made. The estate received the benefit of the services. It is not reasonable to assume that these services were performd gratuitously. If we were to conclude that the executors are not entitled to the credits claimed, the result would be that the estate would receive gratuitously the benefit of the services performed and the moneys paid out. The administration of the estate has been completed except distribution. Certainly the executors under the second will and its counsel having performed no services for the estate, would be entitled to no compensation from the estate except for distribution of the balance shown by the account.

Counsel for exceptants relies on an annotation in 4 A. L. R. (2d) 160, and the cases therein cited. There is contained in this annotation the following statements:

"Although question seldom arises as to whether or not costs and other necessary or incidental expenses incurred by a fiduciary whose appointment was regular, proper, and valid, are chargeable against the estate

which he represents, *such charges being commonly recognized as proper*, a different situation arises where such appointment was erroneous, improvident, or otherwise improper, or void, the question then arising as to whether, in view of such cloud upon his appointment, the costs and expenses incurred by him were thus chargeable. It is this point that is considered herein. . . .

"A distinction is to be noted between appointments of fiduciaries which are void ab initio, and those appointments which are erroneous, improvident, or otherwise improper, but not void, since, strictly speaking, the fiduciary whose appointment was void never was lawfully entitled to act for the estate or to incur obligations, while, at least in many jurisdictions, it is recognized that where the appointment was only erroneous, and so only voidable, the fiduciary was entitled to act and to incur proper obligations until revocation of the appointment. . . .

"While in a few of the cases involving the erroneous appointment of executors or administrators, the courts have considered the fact that the particular expenses were those usually incurred in the course of administration, such as the procuring of a bond, fees of counsel in the conduct of the administration, and the like, with varying results, and have also charged the estate with the expenses incurred by the executor or administrator which were of benefit to the estate or were necessary for its preservation, by far the greater number of the cases have involved, in so far as the nature of the costs and expenses were of moment, those incurred in the unsuccessful defense of the appointment, through an executor's striving to prevent the setting aside of the will purporting to dispose of the estate he had been appointed to administer, or the like, or through an administrator's contest of a will offered for probate after his appointment, or the like. There is a sharp disagreement among the decisions as to the liability

of the estate for the costs and other expenses incurred by an executor or administrator with the will annexed in his unsuccessful defense of the will after it has been admitted to probate. . . .

"The fact that expenditures made by an executor or administrator acting under an erroneous or otherwise improper, but not void, appointment, were made in good faith has been brought out in a number of cases holding the estate to be liable for such expenditures." (Italics supplied.)

The conclusions reached in the annotations are in accord with Pennsylvania law. Generally speaking, subject to a few exceptions, the accountant is not entitled to compensation for services and attorneys' fees in a will contest. Such expenses are not chargeable to the estate, and except in a few instances, must be paid by the contestant. It is apparent from an examination of the account in the instance case that no charge was made by the accountants or by their counsel for services in the will contest. Each charge is a fair and reasonable fee and within the limits customarily approved by the court for such services.

### Order

And now, to wit, October 11, 1950, for the reasons set forth in the foregoing opinion, the exceptions filed by Mary B. McCune, and the Beaver County Trust Company to the credit for inheritance tax, in the amount of $10, is sustained, and the accountants are surcharged on this item in the sum of $10; the exceptions of the Beaver County Trust Company nos. 2, 3 and 4 are dismissed; exceptions of Mary B. McCune nos. 2, 3, 4, 5 and 6 are dismissed, and it is ordered, adjudged and decreed that the account be amended by allowing a disbursement for taxes, S. Clifford Holland, register, inheritance tax, in the amount of $177.18 instead of $187.18, and that the balance for distribution be amended from $4,882.05 to $4,892.05.