321 A.2d 103.

HENRY J. KOGUT *vs.* GERALD M. BRENNER *et al.*

JUNE 18, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

 heard and appeal denied and dismissed, judgment affirmed, and case remitted to Superior Court for further proceedings.

JOSLIN, J. In this proceeding, Henry J. Kogut seeks an allowance of compensation for his services as co-executor under the will of Mary Kogut, late of Woonsocket. The Probate Court allowed him $750, of which $250 was to reimburse him for the services of counsel he had retained. Dissatisfied with that allowance, Kogut appealed to the Superior Court where a trial justice sitting without a jury allowed him $1,842 for his own services but awarded nothing for those of his counsel, whose services the trial justice found had not benefited the estate. Gerald M. Brenner, the other co-executor and the residuary beneficiary's husband, contends that this allowance is excessive and appeals.[1]

Under the English common law, executors and administrators were not entitled to be compensated for their services, but from early times the practice in this country has been otherwise. 3 Woerner, *The American Law of Administration* §524 at 1805 (3d ed. 1923). Now in almost every state there are statutes providing that such remuneration shall be determined according to either an established fee schedule or what is reasonable and just. 4 P-H Est. Plan. §14,004 at 14,010. In this state, the provision is that the compensation shall be "just." General Laws 1956 (1969 Reenactment) §33-14-8.

We have had no prior occasion to decide what standards are to be observed in determining what is "just." Elsewhere, however, the guidelines call for an awarding court to determine what is fair and reasonable in the light of the particular circumstances of a case, and with due re-

---

[1]No question having been raised, we do not consider whether one co-executor has standing to challenge the compensation allowed for another co-executor's services.

gard to such considerations as the size of the estate, the responsibilities involved, the hours worked, the amount and character of the work required, the special problems and difficulties presented, the knowledge and ability demanded, the results achieved, the manner and length of time in which the estate has been settled, and the amounts usually paid others for similar work. *Hayward* v. *Plant*, 98 Conn. 374, 119 A. 341 (1923); *Humphrey* v. *McClain*, 219 Ky. 180, 292 S.W. 794 (1927); *McMahon* v. *Krapf*, 323 Mass. 118, 122-24, 80 N.E.2d 314, 317-18 (1948); *In re Taylor's Estate*, 281 Pa. 440, 126 A. 809 (1924).

The record of what was done here leaves much to be desired. It discloses enough, however, to evidence that the complexities and problems in the administration of this particular estate of $61,203.37[2] were unusual and called for a larger assumption of responsibility, more work, and a greater exercise of knowledge and ability than would normally be anticipated in an estate of like size where there were no family disputes concerning its distribution. Those problems arose when the brother of one co-executor contested the admission of the will to probate, and the wife of the other challenged an alleged revocation of that will. While initially resolved in the Probate Court, those disputes were appealed to the Superior Court, where they were finally disposed of by agreement. In addition, there was a contest over the allowance of the first and final account.

Because of "the disputed nature of the estate, and the difficult manner in which it had to be handled," the trial justice concluded that "this was not the usual, quiet, simple flow of the normal probate proceedings," and that an allowance of $1,842 to Kogut was "fair and reasonable."

---

[2] The first and final account shows a probate court inventory of $44,-580.88, proceeds from the sale of real estate of $9,820.39, bank interest of $4,803.10 and rental income of $1,999.00.

The defendant Brenner, who in open court before us agreed that an allowance of $1,000 would not have been unfair or unreasonable, challenges the $1,842 award as excessive upon grounds that Kogut grossly exaggerated the time he spent tending the affairs of the estate, and that the trial justice, instead of exercising a sound discretion in fixing the fee, arbitrarily awarded a percentage of the gross amount shown on the final account.

A fair reading of the trial justice's decision does not support Brenner's contentions. Instead, it satisfies us that the trial justice's determination of the amount of the award was based on his estimate of the time reasonably required to be expended to settle this estate rather than on the itemization of hours expended contained either in Kogut's testimony or in his bill of particulars. We are also satisfied that the trial justice employed a percentage figure as a mere benchmark against which to test the reasonableness and fairness of the amount he had already arrived at by application of the types of standards we have said are germane in matters of this kind.

In sum, we cannot fairly say that the trial justice's finding that an allowance of $1,842 for Kogut's services as co-executor was against the evidence or the weight thereof, or that it failed to do justice between the parties. Unless we are prepared to say that, the finding must be affirmed. *McAlear v. McAlear*, 62 R. I. 158, 166, 4 A.2d 252, 256 (1939).

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*Archibald B. Kenyon, Jr.*, for plaintiff-appellee.

*Zimmerman, Roszkowski & Brenner*, for defendant-appellant, Gerald M. Brenner.