534 A.2d 1050

**In re ADOPTION OF B.A.B., a minor child.**

**Appeal of MR. AND MRS. P., Adoptive Parents.**

Supreme Court of Pennsylvania.

Argued Sept. 21, 1987.

Decided Dec. 23, 1987.

Reargument Denied Feb. 29, 1988.

T. Lawrence Palmer, Wexford, for appellants.

C. Walter Whitmoyer, Jr., Lebanon, Arthur L. Goldberg, Goldberg, Katzman & Shipman, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

The question now before us is the propriety of the orphans' court's sua sponte reduction of a fee charged for the performance of *intermediary* services in furtherance of an adoption. The orphans' court en banc unanimously held that the charges for services in connection with the adoption in this case were excessive, and thus, reduced the fee. A three-judge panel of Superior Court reversed, 352 Pa.Super. 444, 508 A.2d 556.

The pertinent facts are as follows:[1] the adoptive parents, who are residents of Allegheny County, learned through relatives of the possibility of adopting an infant to be born in Dauphin County. They secured for themselves the services of an attorney from Lebanon County and agreed to pay him $60 per hour for all services he performed regard-

---

1. In its opinion, Superior Court has carefully preserved the anonymity of all persons concerned. Their privacy will be further preserved herein.

less of the ultimate success of the intended adoption.[2] The attorney performed normal *intermediary* services, e.g., meeting with the natural mother and her parents, arranging for payment of "lying in" expenses by the adoptive parents, arranging for pre-natal medical tests of the infant, receiving clothing for the infant from the adoptive parents, and physically transferring the infant at the hospital to the adoptive parents. In addition, he drafted the consents of the natural parents to the adoption,[3] the notice of hearing and the affidavit of service of notice of hearing to confirm the consents, and, of course, the report of intermediary. He also attended the hearing on the consents.

As the adoptive parents reside in Allegheny County, and the adoption proceeded there, the adoptive parents retained a second attorney from their own locale who prepared the original and amended report of intention to adopt and the petition for adoption, and who represented them at the adoption hearing. This second attorney charged no fee.

The intermediary travelled to Allegheny County from Lebanon County for his testimony at the hearing on the adoption petition. At that hearing it was learned that he had billed the adoptive parents a total of $3,160 for all his services to date. The orphans' court determined that this fee was excessive, and awarded a fee of $1200 for *legal* services plus reimbursement of out-of-pocket expenses for travel to the adoption hearing to testify as an intermediary.

The disgruntled intermediary challenged the orphans' court's fee award as an abuse of discretion. After noting that an abuse of discretion will not be found "unless the record discloses that the judgment exercised was manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will[,] *Commonwealth v. Lane,* 492 Pa. 544, 424 A.2d 1325 (1981);" and that "supervision of compensation is peculiarly within the discretion of the Orphans' Court[,] *In*

2. The adoptive parents had previously hired the services of the same attorney in another adoption matter where the adoption did not occur.

3. The form for consents is prescribed at 23 PA.C.S.A. § 2711(d).

*re Reed Estate*, 462 Pa. 336, 341 A.2d 108 (1975); *Wallis Estate*, 421 Pa. 104, 218 A.2d 732 (1966)," Superior Court reversed. The basis for the reversal was Superior Court's determination that a contract to compensate an intermediary at an agreed upon hourly rate should not be disturbed where the time spent by the intermediary is not in dispute.

Superior Court's decision hinges upon its interpretation of the statutory requirement that intermediaries file a report of monies received, as implicitly approving fees for intermediary services. The pertinent statutory provision is as follows:

§ 2533. Report of intermediary

(a) General rule.—Within six months after filing the report of intention to adopt, the intermediary who or which arranged the adoption placement of any child under the age of 18 years shall make a written report under oath to the court in which the petition for adoption will be filed....

(b) Contents.—The report shall set forth:

.    .    .    .    .

(8) An itemized accounting of moneys and consideration paid or to be paid to or received by the intermediary or to or by any other person or persons to the knowledge of the intermediary by reason of the adoption placement.

.    .    .    .    .

(c) Appropriate relief.—The court may provide appropriate relief where it finds that the moneys or consideration reported or reportable pursuant to subsection (b)(8) are excessive.

23 Pa.C.S.A. § 2533. We do not interpret the requirement, that information regarding monies paid in connection with an adoption placement be divulged, as approving the receipt of fees, i.e. profit, by intermediaries for intermediary services.

■ Subparagraph 8 was added when the Adoption Act was amended in 1970, Act of July 24, 1970, P.L. 620, No. 208, Art. III, § 333. That amendment required that the

"fee or expenses paid or to be paid to or received by the intermediary or to or by any other person or persons to the knowledge of the intermediary by reason of the adoption placement" be reported to the court. The 1980 amendment of subparagraph 8 deleted the phrase "fee or expenses", and substituted the language now appearing. Act of October 15, 1980, P.L. 934, No. 163. The 1982 amendment added paragraph (c), which clearly spells out the power of the orphans' court to review all payments to intermediaries and to fashion appropriate relief. Act of June 23, 1982, P.L. 617, No. 174. Elimination of the word "fee" in the 1980 amendment indicates a clear legislative intent that intermediaries not receive compensation for intermediary services. Moreover, it is clear that the reason the intermediary report requires a listing of monies or other forms of remuneration received by the intermediary is to give the orphans' court an opportunity to pass on the propriety of such payments, not to suggest that all such payments are permissible.

■ Reviewing the action of the orphans' court below, we see that what the orphans' court did was to simply estimate a reasonable fee for the *actual legal* work performed by the attorney, then make an allowance for his out-of-pocket expenses as intermediary, and disallow *any fee* (exclusive of reasonable expenses) *for intermediary services.* This ruling is totally consistent with the sound public policy of Pennsylvania that an intermediary is not to profit from the placement of an adoptee. See, *In re Baby Girl D.,* 512 Pa. 449, 517 A.2d 925 (1986).

The early history of this nation is marred by a practice where human beings were bought and sold like merchandise. Powerful profit motives prompted violent opposition to those who perceived error in the practice, and a traumatic civil war was fought to ensure that no human being be transferred for consideration. By now the practice should be so abhorrent to every American that no one would traffic in human life for profit. Unfortunately, the lessons of the past are already forgotten; and due to the current small

supply of babies available for adoption relative to the demand for those infants by prospective parents who are ready to pay, if they must, to get an infant, our society has experienced a degree of principle-shifting.

Superior Court would ignore the public policy of this Commonwealth that children not be transferred for valuable consideration, and enforce an agreement between the adoptive parents and an intermediary to pay that intermediary $60 per hour for help in securing for themselves a child. Enforcement of a contract where the object of the contract is contrary to public policy is not the proper business of the courts, *Gorden v. Cutler*, 324 Pa.Super. 35, 55 n. 3, 471 A.2d 449, 459 n. 3 (1983) and cases cited therein. Thus, the order of Superior Court must be reversed and the order of the orphans' court reinstated.

Reversed.

HUTCHINSON, Former J., did not participate in the consideration or decision of this case.

LARSEN and ZAPPALA, JJ., note their dissent.