Levy's Estate.

Argued April 29, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frank A. Harrigan,* for appellant.

*John C. Bell, Jr.,* with him *John C. Bell,* for appellee.

PER CURIAM, May 26, 1932:

We have here two appeals, in the nature of certiorari, taken from the adjudication of the Orphans' Court of Philadelphia County, dismissing exceptions to findings of the auditing judge in the estate of Laurance B. Levy, deceased. The first of these appeals, No. 172, January Term, 1932, was taken before the schedule of distribution was filed and the adjudication confirmed absolutely. There was accordingly no final decree from which an appeal could be taken and that appeal is consequently dismissed: Graham's Est., 294 Pa. 493, 495; Hoyt's Est., 232 Pa. 189; Kaeir's Est., 264 Pa. 224.

The appeal at No. 221, January Term, 1932, was taken at the proper time, however, and the questions raised by appellant have been fully considered.

Appellant claims to be the widow of decedent, and as such entitled to take her share of the estate against his will, at the expense of the residuary legatee who takes the bulk of the estate by the terms of that instrument. The sole question is whether the evidence is sufficient to sustain a common law marriage between claimant and decedent. No attempt was made to prove a ceremonial union. Counsel for appellant concedes there was no evidence of an informal marriage per verba de praesenti and further that there was no contention on the part of claimant that a marriage was established by cohabitation and reputation. The case rests squarely upon several statements of decedent which appellant argues are admissions of the disputed marriage. The record con-

tains over seven hundred pages of testimony, as both parties called many witnesses to support their respective contentions. Its nature indicates an attempt was made in the court below to establish a presumption of marriage from cohabitation and reputation. In such case the rule stated in Knecht v. Knecht, 261 Pa. 410, that we will not review a case upon a theory different from that upon which it was presented to the court below, applies, and the appeal should be dismissed.

Assuming, however, such was not the case, and appellant sought only to prove her marriage from alleged admissions of decedent, the result is not altered. The statements relied upon were few in number, vague in nature, and made under circumstances which were more suggestive of deception than truth. They were made chiefly to tradesmen and casual acquaintances during periods in which appellant was living with decedent in Florida, and on occasions when it was to their mutual advantage and convenience to be taken for husband and wife. In such circumstances these statements are not conclusive of the fact of marriage. They are completely rebutted by the mode of life of both parties when in Philadelphia, by the many formal and deliberate acts of both which indicated the single state, and above all by admissions of claimant after Levy's death that they had never been married. The mere fact that decedent introduced claimant to a few persons as his wife is not sufficient to raise a presumption of marriage especially since he was generally known as a single man and claimant as a single woman. See Patterson's Est., 237 Pa. 24. An irregular cohabitation and partial reputation of marriage avail nothing in the proof of marriage: Yardley's Est., 75 Pa. 207, 212.

We deem unnecessary a detailed discussion of the evidence. We are convinced it fails to establish a common law marriage between claimant and decedent. Moreover, in cases of this character, the findings of fact of the lower court will not be reversed unless error or mis-

take clearly appears and such is not the case here: Stevenson's Est., 272 Pa. 291, 296; Comly's Est., 185 Pa. 208, 216. The auditing judge found and the court in banc concurred in the finding "that claimant has failed to establish her marriage, by ceremony, by agreement or by cohabitation and reputation," and after full consideration of the testimony, we concur in that conclusion.

The decree of the court below is affirmed at appellant's costs.