532 A.2d 475

**In the Matter of the ESTATE OF Charles MEININGER, Deceased.**

**Appeal of Virginia E. EDWARDS, Exceptant.**

Superior Court of Pennsylvania.

Argued April 28, 1987.

Filed Oct. 16, 1987.

106

John A. Spaeder, Erie, for appellant.

Robert J. Kelleher, Erie, for appellee.

Before CIRILLO, President Judge, and MONTEMURO and TAMILIA, JJ.

MONTEMURO, Judge:

Appellant has lodged this appeal following the dismissal of her exceptions to the final account of appellee Eller, executor of the estate of Charles Meininger, Deceased.[1]

In 1973, Charles Meininger and his brother Richard executed reciprocal wills each leaving his property to the other and naming as residuary beneficiaries their six nephews and nieces, of whom appellant is one, as is the wife of appellee Eller. At Richard's death in 1976, decedent renounced his position as designated executor of his brother's will in favor of appellee. Shortly thereafter decedent requested his attorney to draft a new will, and to place appellee's name as joint tenant on all his existing accounts, stock certificates and the like, in effect naming appellee as his sole beneficiary through the survivorship mechanism.

Charles Meininger died in April, 1982, and an account of the estate was filed in September 1983 by appellee as executor. Appellant objected to the account claiming that appellee had abused his confidential relationship with dece-

---

1. We note with disapproval appellant's violation of Pa.R.A.P. 124(a)(3), (4); 2119(a).

dent in order to enrich himself. On September 11, 1986, the objections were dismissed without more. Appellant then filed a motion to grant exceptions to the dismissal order. After hearing on October 9, 1986, the court orally denied the motion and this appeal followed.

We note at the outset that a question of appealability arises which we may address *sua sponte*. *Wertz v. Anderson*, 352 Pa.Super. 572, 508 A.2d 1218 (1986).

> Before this Court can address the merits of an appeal our jurisdiction to decide those claims must be established. In order to avoid piecemeal litigation, no appeal will be permitted from an interlocutory order unless specifically provided for by statute. *See*: Pa.R.App.P. 311, *Caplan v. Keystone Weaving Mills*, 431 Pa. 407, 246 A.2d 384 (1968). Otherwise, an appeal must be taken from a final order. Pa.a R.App.P. 702(a); *Sechler v. Ensign–Bick-ford Co.*, 322 Pa.Super. 162, 469 A.2d 233 (1983).

*Elderkin v. Sedney*, 354 Pa.Super. 253, 255, 511 A.2d 858, 859 (1986).

■ Supreme Court Orphans Court Rule 6.11 [2] requires that before confirmation of an account may occur, and before a statement of proposed distribution may be approved, an adjudication or a decree of distribution must be filed by the court or the clerk of the court in accordance with local rules. Confirmation thus confers finality,[3] since it is, from the vantage point of the beneficiaries and heirs, conclusive as to any division of property then before the orphans' court. From the personal representative's per-

---

**2. 6.11. Confirmation of Accounts. Awards**
> (a) No account shall be confirmed or statement of proposed distribution approved until an adjudication or a decree of distribution is filed, in conformity with local rules, by the court or by the clerk of the court, expressly confirming the account or approving the statement of proposed distribution and specifying, or indicating by reference to the statement of proposed distribution, the names of the persons to whom the balance available for distribution is awarded and the amount or share awarded to each of such persons.

**3.** Pa.R.A.P. 342 also allows appeals from non final orders of distribution which have been certified to be sufficiently definite to "determine the substantial issues between the parties."

spective, confirmation "serves to discharge him from liability as to any property he distributes in accordance with the court's decree." 33 Standard Pa.Practice 2d § 158.141 (1987).

However, the September 11 order from which appellant has brought this appeal merely dismissed her objections. It is neither an adjudication or a decree of distribution, and as such is an improper antecedent to confirmation of an account. Absent confirmation, and its imprimatur of finality, an appeal is premature and therefore interlocutory. 33 Standard Pa.Practice 2d § 158.190 (1987).

■ Accordingly,[4] this appeal must be dismissed. *Levy's Estate*, 307 Pa. 522, 161 A. 740 (1932); *Brusstar's Estate*, 123 Pa.Super. 45, 186 A. 147 (1936).

Appeal dismissed.

---

4. The trial court chose to regard as final its oral order denying appellant's motion. However, this order too is unappealable, since it had not been docketed as Pa.R.A.P. 301(a) requires.