560 A.2d 160

In re ESTATE OF Mildred M. PRESTON.

**Appeal of John A. PRESTON.**

Superior Court of Pennsylvania.

Argued Feb. 2, 1989.

Filed June 2, 1989.

Scott Williams, Williamsport, for appellant.

Richard D. Sheetz, Towanda, for appellee.

Before WIEAND, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

This appeal questions the manner of the calculation of executor's commissions and attorney's fees due for the administration of a decedent's estate. Herein, for the purposes of calculating the commissions and fees due, the orphans' court included, as assets of the estate, marital assets which passed outside the estate. The court also calculated the commissions and fees using an arbitrary percentage-formula promulgated by the court via a schedule called "the Attorney General's Schedule of Attorney's Fees."[1] We dismiss this appeal as it is interlocutory. However, in an effort to end the proscribed practices operating in the Orphans' Court of Bradford County (and, perhaps, in other jurisdictions of our Commonwealth), we instruct the lower court on the proper procedure for the calculation of executors and attorneys fees.

This appeal arises from the denial by Bradford County Court of Common Pleas, Orphans' Court Division, of the appellant's request to compel the executor of Mildred M. Preston's estate to file exceptions to the estate of John E. Preston. On appeal, the appellant, John A. Preston,[2] as-

1. The record indicates that the fee schedule may have actually originated from the Department of Revenue.

2. The appellant is the grandson of Mr. and Mrs. John E. Preston. The executor is the decedent's son.

serts that, because he is a distributee under the will of Mildred M. Preston, he therefore has a financial interest in both the estate of Mildred M. Preston and the estate of John E. Preston.[3] Consequently, he contends that (1) he may compel the executor of Mildred M. Preston's estate to file exceptions to the grossly excessive disbursements made from the estate of John E. Preston;[4] or, in the alternative, (2) that he can compel the executor of the estate of John E. Preston to apply for review of that estate.

Briefly the facts are these: On October 5, 1984, John E. Preston died, and J. Earl Preston was named as executor of the estate. Upon his death, John E. Preston's estate passed to his wife, Mildred M. Preston. However, approximately four months later, prior to settlement of her husband's estate, Mildred M. Preston expired. J. Earl Preston was also named as executor of Mildred's estate. The first and final accounting of the John E. Preston's estate was filed on or about May 8, 1985, showing principal in the amount of $23,411.46. Thereafter, the Bradford County Court of Common Pleas, Orphans' Court Division, indicated that the

attorney's fee and the executor's commission were calculated on the total assets of the estate, which appeared on the Inheritance Tax return as $105,105.35. This figure includes *jointly owned property* in the amount of $82,-277.49, upon which the attorney and executor are entitled to calculate their fees.[5] (Tr. Op. 6/8/88 p. 2) (emphasis added)

3. John E. Preston's will provided that the assets of his estate where to pour-over into his wife's estate at his death.

4. The "excessive disbursements" are the executor's commissions and the attorney's fee. The appellant alleges that the court incorrectly computed the fees, and, per the following discussion, we agree.

5. The fee schedule announced to the Bradford County Bar Association by the President Judge Jeffrey A. Smith (and sole judge) of the Bradford County Court of Common Pleas was used presently to determine what assets were to be included in the appellant's estate for the purpose of computing fees and commissions and what percentage rate would be used to compute those fees and commissions. See Fee Schedule, *infra.*

The accounting listed disbursements out of the principal amounting to $21,293.47 which included the court's calculation of executor's commissions and attorney's fees amounting to $4,653.17 each.[6] The remaining corpus of the estate which poured-over into the estate of Mildred M. Preston was $2,601.00. The will of Mildred M. Preston provided that the appellant's father was to receive a specific bequest of $10,000.00 which was to be placed in an interest bearing account and thereafter used for the education of the appellant with the remainder passing to the appellant when he reached the age of twenty-one (21).

The appellant filed exceptions to the first and final accounting of John E. Preston's estate, stating that the executor's and attorney's fees were excessive. On April 23, 1986, the lower court dismissed the appellant's exceptions because he lacked standing to file exceptions to John E. Preston's estate, and, even if he had standing, the exceptions were untimely.

The appellant then petitioned for the removal of J. Earl Preston as administrator of Mildred M. Preston's estate, and, on August 11, 1986, the lower court denied that petition.[7] Subsequently, on June 8, 1988, the lower court denied another petition by the appellant, this one asking that the executor of the estate of Mildred M. Preston be compelled to file exceptions to the estate of John E. Preston. This appeal followed. As of the date of this appeal, a first and final accounting of the estate of Mildred M.

6. The fees and commissions totaled nearly thirty eight percent (38%) of John E. Preston's estate (excluding jointly-held property) at the time of his death.

7. The appellant requested that the executor be removed from the estate of Mildred M. Preston under 20 Pa.C.S.A. § 3182(1) of the Probate Estates and Fiduciaries Code.
 **20 Pa.C.S.A. § 3182. Grounds for removal.**
 The court shall have exclusive power to remove a personal representative when he:
 (1) is wasting or mismanaging the estate, is or is likely to become insolvent, or has failed to perform any duty imposed by law.

52

Preston has not been filed. As a result of the appellant's petition to compel the executor to file exceptions all proceedings relating to the estate of Mildred M. Preston were stayed, and the estate remains open.

■ Although neither party has raised the issue of jurisdiction, we may address the issue *sua sponte. Wertz v. Anderson*, 352 Pa.Super. 572, 508 A.2d 1218 (1986). Before we can address the merits of an appeal, we must determine whether we have jurisdiction to adjudicate the claims raised. Generally, interlocutory orders are not appealable, and appeals must be taken from a final order. *Matter of Estate of Meininger*, 367 Pa.Super. 105, 532 A.2d 475 (1987); *Elderkin v. Sedney*, 354 Pa.Super. 253, 511 A.2d 858 (1986).

Instantly, a final accounting of Mildred M. Preston's estate has not been filed, and it follows that an adjudication or decree of distribution has not been filed by the court. In *Meininger, supra,* we were faced with a situation similar to that now before us. Therein, the appellant objected to the accounting alleging that the executor had abused his confidential relationship with the decedent to enrich himself. The objections were dismissed. The appellant then filed a motion to grant exceptions to the dismissal order. This motion was also denied, and the *Meininger* appeal followed. We ruled that the appeal was from a non-appealable interlocutory order, and, consequently, we dismissed the appeal. In so ruling, we stated:

The Supreme Court Orphans' Court Rule 6.11 requires that before confirmation of an account may occur, and before a statement of proposed distribution may be approved, an adjudication or a decree of distribution must be filed by the court or the clerk of court in accordance with local rules. Confirmation thus confers finality, since it is from the vantage point of the beneficiaries and heirs, conclusive as to any division of property then before the

orphans' court. From the personal representative's perspective, confirmation "serves to discharge him from liability as to any property he distributes in accordance with the court's decree." ...

... Absent confirmation, and its imprimatur of finality, an appeal is premature and therefore interlocutory. (citations and footnotes omitted.)

*Meininger*, 532 A.2d at 476–477.

The present appeal was taken from the denial of the appellant's petition to compel the executor of Mildred M. Preston's estate to file exceptions to the estate of John E. Preston or to apply for a review of that estate. Thus, at the time this appeal was taken, the schedule of distribution had not been filed nor had the adjudication been confirmed. There was no final decree from which an appeal could be taken, and this appeal is consequently dismissed. *Levy's Estate*, 307 Pa. 522, 161 A. 740 (1932). See also *In re Estate of Brockerman*, 332 Pa.Super. 88, 480 A.2d 1199, 1200, n. 1 (1984) ("An order dismissing exceptions is interlocutory and non-appealable until judgment has been entered on the docket.") citing e.g., *Murray v. Abcon, Inc.*, 291 Pa.Super. 428, 435 A.2d 1301 (1981).[8]

Nevertheless, we will take this opportunity to review the practices employed by the Bradford County Court of Common Pleas, Orphans' Court Division, (and, perhaps, other jurisdictions within the Commonwealth), when adjudicating the issue of executor's commissions and attorney's fees. While we reluctantly address the issue of compensation for

**8.** These cases rest upon Rule 301 of the Pennsylvania Rules of Appellate Procedure, which provides in pertinent part:

**RULE 301. Requisites for an appealable order**

**(a) Entry upon docket below.** No order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court ...

**(c) Orders not appealable.** A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket,.... Any such order shall be reduced to judgment and docketed before an appeal is taken.

executors and their counsel, we do so out of manifest necessity since, without guidance, the court will continue to operate in its present proscribed manner. In order to prevent further confusion in computing the fees and commission in this case and countless other estate cases certain to follow, we will briefly outline the correct procedure.

At the very heart of this appeal is the Bradford County Orphans' Court's method of computing the fees and commissions due for the administration and probate of an estate which was outlined in the following memorandum:

TO: BRADFORD COUNTY BAR ASSOCIATION MEMBERS
FROM: JEFFREY A. SMITH, PRESIDENT JUDGE
DATE: OCTOBER 9, 1985
RE: ATTORNEY FEES FOR THE PROBATE OF ESTATES
****************************************************************************

The Attorney General's Office has set the following schedule of attorney's fees to be charged for the probate of estates:

| | | | Per Col. | Per Total |
|---|---|---|---|---|
| $ 00.01 to $ 25,000.00 | 7% | | 1,750.00 | 1,750.00 |
| $ 25,000.01 to $ 50,000.00 | 6% | | 1,500.00 | 3,250.00 |
| $ 50,000.01 to $ 100,000.00 | 5% | | 2,500.00 | 5,750.00 |
| $ 100,000.01 to $ 200,000.00 | 4% | | 4,000.00 | 9,750.00 |
| $ 200,000.01 to $1,000,000.00 | 3% | | 24,000.00 | 33,750.00 |
| $1,000,000.01 to $2,000,000.00 | 2% | | 20,000.00 | 53,750.00 |
| $2,000,000.01 to $3,000,000.00 | 1½% | | 15,000.00 | 78,750.00 |
| $3,000,000.01 to $4,000,000.00 | 1% | | 10,000.00 | 88,750.00 |
| $4,000,000.01 to $5,000,000.00 | ½% | | 5,000.00 | 93,750.00 |

A. ½% Regular Commission P.O.D. Bonds and Trust Funds
B. 1% Non-Probate Assets up to 1,000,000
C. 3 ½% Transfer

Joint Accounts

D. 1% Non-probate Assets
E. 3 ½% Assets Which are Taxable at One Half Value
F. Joint Accounts Fully Taxable: Full Commission

When your fee includes assets listed in categories (a)—(f) above, please state specifically in the account which category applies and include a calculation of the attorney's fees for these items. This will speed the Court's determination of the appropriateness of attorney fees and allow the Court to approve appropriate accounts in a timely fashion.

■ We note that this schedule may have actually originated in the Department of Revenue and relates to the valuation of estates for the purposes of inheritance taxation. Instantly, we observe that the executor's commissions and the attorney's fees were calculated for the estate of John E. Preston as determined for inheritance tax purposes; jointly-held property of the decedent was included in the probate estate. (Tr. Op. 6/8/88 p. 2) Clearly, jointly-held property passes outside of a decedent's estate and should not be included in an estate's assets for purposes of computing an executor's commissions and an attorney's fees. *In re Estate of Allen*, 488 Pa. 415, 412 A.2d 833, 838 (1980) (a joint tenancy with right of survivorship is too well-settled to be gainsaid; the funds pass outside the estate to the party having the right of survivorship), See also *Cohen v. Goldberg*, 431 Pa. 192, 244 A.2d 763 (1968); *Clingerman v. Sadowski*, 513 Pa. 179, 519 A.2d 378 (1986); *Estate of Matson*, 374 Pa.Super. 61, 542 A.2d 147, 152 (1988) citing *Holmes Estate*, 414 Pa. 403, 406, 200 A.2d 745, 752 (1964).

The record reveals that the first and final accounting valued the estate at $23,411.46. The executor properly did not list in the inventory of the estate the jointly-owned property valued at $82,277.49. However, the lower court determined that the executor's commission and the attorney's were to be calculated on the value of the estate plus the jointly-held property which was not part of John E. Preston's estate for first and final accounting purposes.[9] This decision was clearly erroneous. The fees and commissions paid out of the estate of John E. Preston should have been calculated from the total assets of the estate as reported in the first and final accounting, $ 23,411.46. The fees and commissions dispersed from the estate of Mildred

9. The error in it decision is highlighted by the lower court's statement in its opinion that "jointly owned assets are not technically part of [the] decedent's estate and thus do not appear in the principal on the final account." (Tr. Op. 6/8/88 p. 2)

M. Preston should likewise be computed on the basis of the estate's total assets as listed in the final accounting (when one is completed), *not* on the basis of the total taxable estate as determined for inheritance tax purposes.[10]

 Moreover, the executor and his counsel failed to meet the burden of proving the reasonableness of their compensation. He did not *establish facts which show that he is entitled to the requested compensation. In re Sonovick*, 373 Pa.Super. 396, 541 A.2d 374, 376 (1988). It is axiomatic that the executor of an estate is accountable for the fees paid to himself or his counsel. *In re Thompson's Estate*, 426 Pa. 270, 232 A.2d 625 (1967). Determining the reasonableness of the compensation for administration of a decedent's estate is within the sound discretion of the orphans' court; however, where the ultimate conclusion of the court is without the support of the record, its decision will not stand. *In re Estate Sonovick*, supra, 373 Pa.Superior Ct. 399, 541 A.2d at 376; *In re Estate of Loutsion*, 344 Pa.Super. 477, 496 A.2d 1205, 1206 (1985); *In re Estate of Breyer*, 475 Pa. 108, 379 A.2d 1305, 1311 (1977); *In re Reed's Estate*, 462 Pa. 336, 341 A.2d 108 (1975).

Further guidance in determining the value of executor's and attorney's services is found in *In re Estate of Sonovick*, 373 Pa.Super. 396, 541 A.2d 374, 376 (1988). Therein, we stated:

A fiduciary is entitled to "reasonable and just" compensation for the services he provides. *In Re Ischy Trust*, 490 Pa. 71, 415 A.2d 37, 42 (1980); *Williamson Estate*, 368 Pa. 343, 349, 82 A.2d 49 (1951); 20 Pa.C.S.A. § 7185(a). Thus, the fiduciary's entitlement to *compensation should*

---

**10.** We note that fees and commission may be imposed for the administration of jointly-held property which passes outside the estate. However, to collect such fees, the executor and his counsel must prove their reasonableness and appropriateness. Presently, this was not done.

*be based upon actual services rendered and not upon some arbitrary formula. In Re Estate of Breyer,* 475 Pa. 108, 379 A.2d 1305, 1311 (1977); *In Re Ischy Trust,* supra, 415 A.2d at 42; *In Re Reed,* 467 Pa. 371, 357 A.2d 138, 142 (1976). (emphasis added) ... "It is fundamental that an attorney seeking compensation from an estate has the burden of establishing facts which show that he or she is entitled to such compensation." *Estate of Wanamaker,* 314 Pa.Super. 177, 460 A.2d 824, 825 (1983) (citing) *Hempstead v. Meadville Theological School,* 286 Pa. 493, 134 A. 103 (1926).

*In re Sonovick,* 541 A.2d at 376.

The compensation for the administration of John E. Preston's estate was awarded simply upon a percentage basis— no inquiry was made by the orphans' court into the reasonableness of the fees and commissions dispersed.

Unpersuasively, the appellee argues that the commissions and fees in question were not excessive because they were within the schedule of attorney's fees to be charged for the Probate of Estates as set forth by the Attorney General's Office; this schedule was adopted for use in Bradford County pursuant to the Honorable Jeffrey A. Smith's Memorandum dated October 9, 1985. However, the lower court's use of the Attorney General's schedule for calculating fees is clearly improper and *must* cease. Egregious error is committed when a court awards commissions and fees simply on a percentage basis without inquiry into the reasonableness of the compensation, especially when the award is based, in part, on property not included in the decedent's estate, i.e. jointly-owned property.[11]

---

11. "While as a matter of convenience the compensation of a fiduciary may be arrived at by way of percentage, the true test is always what the services were actually worth and to award a fair and just compensation therefor." *Williamson Estate,* 368 Pa. 343, 349, 82 A.2d 49, 52 (1951); see e.g., *In re Sonovick,* 373 Pa.Super. 396, 541 A.2d 374, 376 (1988).

In conclusion, we dismiss this appeal. However, when presiding over the administration of estates in the future, we direct the Bradford County Court of Common Pleas to comply with the Pennsylvania statutes and case law precedent rather than adhering to the erroneous guidelines it currently employs.

Appeal dismissed with instructions.