586 A.2d 986

**In re ESTATE OF Joseph A. BURCH, Deceased.**

**Appeal of Gregory BURCH, Executor, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1990.

Filed Feb. 25, 1991.

John D. Blumenthal, Doylestown, for appellant.
John H. Wood, Jr., Langhorne, for participating party.

Before CAVANAUGH, OLSZEWSKI and FORD ELLIOTT, JJ.

CAVANAUGH, Judge:

The sole issue in this case is the reasonableness of counsel fee in the amount of $2,000.00 which was awarded by the Orphans' Court to counsel for the Executor of the Estate of Joseph A. Burch. The fee awarded has been challenged as excessive by the present executor, the appellant herein. The decedent died on February 2, 1981. His two sons, Joseph A. Burch, Jr. and Gregory H. Burch were the sole executors and beneficiaries under the will. The decedent also had two other children who were not designated beneficiaries. The executors retained John H. Wood, Esquire as counsel for the estate.

The court below in its opinion noted that what would appear to be a normal estate administration "turned into something of a nightmare." From the beginning, the executors were antagonistic toward each other and this resulted in Joseph petitioning to have Gregory removed as personal representative. There were also protracted negotiations between the estate and the disinherited children of the decedent. In addition, there was litigation involving claimants against the estate, including the decedent's former wife.

The antagonism between the executors resulted in Mr. Wood being inexorably drawn into the conflict, and he was subjected to voluminous correspondence and telephone calls from the executors, family members and various attorneys for the claimants. Finally, in 1984 it appeared that the disputes between the members of the family and others would be settled. On June 15, 1984 Taxis, Jr., J. entered a decree approving a family settlement which incorporated the discontinuance of two equity suits and an action in assumpsit. The court also approved settlement of an action brought by William L. Slotter, discharged Joseph A. Burch, Jr. as co-executor, and reduced the balance of counsel fees owing as of that date to John H. Wood, Esquire.

In the family settlement, Gregory H. Burch, the appellant herein, was identified as the remaining co-executor and he was designated as the individual responsible for winding up the affairs of the estate. However, Gregory Burch immediately appealed from the decree which approved the compromise settlement of June 15, 1984 to this court, *pro se,* contending that he had not consented to the decree.

We remanded the matter for hearing on the issue of consent. A hearing was set for April 23, 1986 but was not held because of a further settlement among the parties.

The administration of the estate was still not completed and not because of any fault of Mr. Wood. On August 16, 1988, Gregory H. Burch filed a petition to compel transfer of assets from Mr. Wood, averring that on July 1, 1988 Gregory H. Burch had discharged Mr. Wood as attorney for the estate and demanded that Mr. Wood release all estate funds to Mr. Burch. As a result of this petition by Mr. Burch, further meetings were held before Stefan, J. New counsel for Mr. Burch copied voluminous records at Mr. Wood's office pertaining to the administration of the estate.

The court below, following a hearing at which Mr. Wood and his bookkeeper testified concerning legal services determined that $2,000.00 was a reasonable fee for services to the estate from June, 1984 to September, 1988. Mr. Wood testified as to his dealings with the executors and the protracted correspondence, telephone calls and negotiations. His bookkeeper, Mrs. Wint, also testified concerning the basis of the bill for legal services, which was in the amount of $2,843.00. Voluminous records were also produced detailing the activities in Mr. Wood's office involving the estate during the period in question.

The test for determining the appropriateness of a fee for legal services in an estate is reasonableness. *Dorsett v. Hughes,* 353 Pa.Super. 129, 509 A.2d 369 (1986). Primarily, the responsibility for passing upon the reasonableness of counsel fee rests with the auditing judge. *Thompson Estate,* 426 Pa. 270, 232 A.2d 625 (1967). The

determination that a fee is reasonable is within the sound discretion of the hearing judge whose decision will not be reversed in the absence of a clear error or abuse of discretion. *Lychos Estate*, 323 Pa.Super. 74, 470 A.2d 136 (1983); *Wanamaker Estate*, 314 Pa.Super. 177, 460 A.2d 824 (1983).

In determining the reasonableness of counsel fee, the court must consider many factors including the amount of work performed, the character of the services rendered, the difficulty of the problems, the amount of money or value of the property in question, the degree of responsibility involved, the professional skill and the standing of the attorney in his profession, and the ability of the client to pay a reasonable fee. *LaRocca Estate*, 431 Pa. 542, 246 A.2d 337 (1968). The court below considered these factors in determining counsel fee and we discern no abuse of discretion.

The appellant argues that we should not approve the court's finding that counsel fee was reasonable because counsel for the estate did not prove with precision the amount of hours he worked on behalf of the estate. We find the argument meritless, as there was evidence produced by the attorney for the estate, his bookkeeper, and voluminous records that indicated substantial legal work over an extended period of time. The court below referred to "the modern method" of determining fees in an estate "simply by multiplying the number of hours displayed on the [computer] printout by an hourly rate (or rates) for the attorney's time."[1] It also acknowledged the traditional method of billing a client based on the attorney's appraisal of the value of his services.

The determination of reasonable compensation to an attorney for an estate is not relegated to a clock and comput-

---

1. The court noted that "the 'modern method' makes the perhaps questionable assumption that a lawyer's efforts and time are always worth his hourly rate."

   In *Homer Trust*, 10 Fiduciary Rep.2d 382, 383 (O.C.Chester Co.1990) the court stated: "... [I]t has long been recognized that time alone does not measure the value of services, nor hourly rate the quality."

er. Time expended does not replace the test of reasonableness, and while time involved is a factor in setting a fair and reasonable fee, it is only one of several factors set forth in *LaRocca Estate, supra.* As noted by the court in *Bailey Estate,* 10 Fiduciary Rep.2d, 55, 57 (O.C.Chester Co.1990) in determining counsel fee in an estate, the court must "... focus ultimately on what is fair and reasonable under the circumstances."

Considering the difficulties encountered by counsel in administering this estate, many of which are traceable to the executors, and other relevant factors, the counsel fee approved by the court is very reasonable.

Order affirmed.