616 A.2d 667

**ESTATE OF Edward L. PHILLIPS, Deceased.**

**Appeal of Francis E. GLEESON, Jr., Esquire.**

Superior Court of Pennsylvania.

Argued July 15, 1992.

Filed Sept. 30, 1992.

Reargument Denied Dec. 4, 1992.

---

Francis E. Gleeson, Jr., Philadelphia, in pro. per.

Richard W. McConaghy, Philadelphia, for Kaminski, participating party.

Before CIRILLO, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

Francis E. Gleeson appeals from the November 8, 1991 Order sustaining, in part, the exceptions he filed to the Philadelphia Orphans Court Order of May 2, 1991.

In 1985 appellant was retained by the decedent, Edward L. Phillips, to draft his last will and testament. Upon Phillips' demise on February 8, 1990, because his wife pre-deceased him, his estate was distributed as follows: one-half to his daughter, Eileen Kaminski, one-sixth to Our Lady of Ransom Catholic Church and one-sixth to each of his granddaughters. Appellant, who is an attorney and a real estate broker, served as executor and counsel for the estate and, upon the request of Kaminski, sold the family home for $99,900. The remainder of the estate totaled $35,404.15. In his account of the administration, appellant took credit for the following payments to himself: $6,531.11 (5%) for his services as executor, $6,531.11 (5%) for his services as counsel to the estate and $5,994.00 (6%) as a brokerage fee. Objections to these credits were filed by Kaminski[1] and the church and, after a hearing, the court disallowed all but the brokerage fee. Appellant filed exceptions and the Court en banc found the auditing court committed an abuse of discretion by denying counsel fees and an executor's commission and awarded appellant six per cent of $35,404.15 or $2,122.25, this amount being in addition to the $5,994 brokerage fee. This appeal followed.

Because appellant has failed to include in his brief a Statement of Questions Involved, in accord with Pa.R.A.P. 2116, this Court is forced to surmise the issues from his brief. The sole issue before us is whether the court erred by disallowing individual compensation for services appellant rendered in his capacities as executor, counsel and realtor for the estate. Appellant maintains because he did a "good job" and reconstructed time sheets reflecting the hours he allegedly spent working on the estate, he was entitled to the individual compensations claimed.

1. Our Lady of Ransom Roman Catholic Church joins the brief filed by appellee Kaminski, as does the Attorney General of Pennsylvania as parens patriae for charities.

■ In Pennsylvania, the test for determining the appropriateness of the fees charged for services rendered in the administration of an estate has always been "reasonableness." *In re Estate of Burch,* 402 Pa.Super. 314, 586 A.2d 986 (1991). Our Supreme Court has stated:

What is a fair and reasonable fee is sometimes a delicate, and at times a difficult question. The facts and factors to be taken into consideration in determining the fee or compensation payable to an attorney include: the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.

*In re trust estate of LaRocca,* 431 Pa. 542, 546, 246 A.2d 337, 339 (1968).

■ We do not deny the appellant did a "good job" administering the decedent's estate, but as the court reasoned when it granted, in part, Kaminski's exceptions to the payments appellant made to himself:

This Court cannot fix compensation as a percentage of the assets of an estate without some knowledge of the work actually done. The fiduciary and his attorney have the burden of proving facts which will enable the Court to make an informed judgment as to the work actually done by each and the reasonableness of the requested commissions and fees. See *Preston Estate,* 385 Pa.Super.Ct. 48 [560 A.2d 160] (1989), *Sonovick Estate,* 373 Pa.Super.Ct. 396 [541 A.2d 374] (1988) and *Reed Estate,* 462 Pa. 336 [341 A.2d 108] (1975). Where one person serves as both executor and counsel, he may be entitled to compensation for services rendered in each capacity which do not duplicate each other. He cannot be paid twice for the same work. The accoun-

tant has the burden of showing what work he did in each capacity so that this Court may avoid awarding double compensation for duplicated services. See Shillito Estate, 8 Fid.Rep.2d 365 (O.Ct., Allegh., 1988).

(Slip Op., Gutowicz, J., 5/2/91, pp. 4–5.) Appellant represented himself at the hearing and averred it was his understanding it was common practice to be paid a flat five per cent commission fee if you acted in a dual capacity with regard to the administration of an estate.[2] However, appellant failed to provide this Court with the specifics of the work performed and relied, instead, on the reconstructed time sheets he assembled without benefit of time records. The appellant failed to present any specific testimony describing the services he performed nor did he differentiate between tasks performed in his capacity as executor versus his capacity as counsel for the estate. Accordingly, we find the court did not abuse its discretion by awarding appellant six per cent on the estate less the value of the home and affirm the Order awarding appellant $2,122.25 (6%) as compensation for services rendered as executor and counsel for the executor.

Order affirmed.

POPOVICH, J., concurring statement.

POPOVICH, Judge, concurring:

The principal asset of this estate was the family home which sold for $99,000. For his services, appellant charged a total of 16% as executor, broker and counsel. This is, in my view, an outrageous abuse exceeded only by appellant's daring in taking this appeal.

---

**2.** We note with disfavor this is not the first time appellant has been before this Court arguing this exact issue. *See Smullen Estate*, 1 Fid.Rep.2d 80 (1980), affirmed on basis of the trial court Opinion, 297 Pa.Super. 590, 441 A.2d 789 (1982). The *Smullen* Court repeated the law of Pennsylvania which states a fiduciary is entitled to "fair and just" compensation, the determination of which depends upon the extent and character of the labor and responsibilities involved.