**In re ESTATE of Myra A. SORBER, Deceased.**

**Appeal of Phyllis Sorber.**

Superior Court of Pennsylvania.

Argued Dec. 4, 2001.

Filed July 11, 2002.

William J. Gallagher, West Chester, for appellant.

Thomas P. Mohr, Spring City, for appellee.

Before DEL SOLE, P.J., FORD ELLIOTT and BECK, JJ.

DEL SOLE, President J.

¶ 1 Phyllis Sorber appeals from two orders entered by the Orphans' Court in the estate of her mother, Myra A.P. Sorber. We quash the appeal.

¶ 2 The orders involved arose out of a dispute between Appellant and her father, James Sorber, over property which had been marital property at the time Appellant's parents were divorced. Appellant filed an equity action, as well as a *lis pendens*, to prevent James Sorber from selling the property. This action was consolidated with petitions filed in the estate case. After a hearing, the court entered the following order:

AND NOW, this 5th day of January, 2001, it is hereby ORDERED and DECREED that:

1. The Petition to Remove James Sorber [sic] as Executor is DENIED without prejudice to refile if James Sorber does not file a formal account for the Estate of Myra A.P. Sorber, Deceased, by February 13, 2001.

2. Any Agreement of Sale for Tax Parcel No. 52–2–44 must be jointly exe-

cuted by James Sorber and the Trustee of the Trust under the will of Myra Sorber.

3. Phyllis Sorber is removed as the Trustee due to a conflict of interest, and Irwin Elger [sic] Parker is appointed as the substitute trustee named in the Codicil to the Will of Myra A.P. Sorber. If Irwin Elgin Parker is unable or unwilling to serve, this Court shall be so notified within twenty (20) days of the docketing of this Order.

4. The *Lis Pendens* filed against Tax Parcel No. 52–2–44 will not be removed or stricken until further order of this Court.

Both parties filed exceptions and the court entered the following order:

AND NOW, this 4th day of April, 2001, it is hereby ORDERED and DECREED that:

1. Phyllis A.P. Sorber's Exceptions are DENIED.

2. James C. Sorber's Exceptions are DENIED.

3. James C. Sorber shall be REMOVED as Executor. The court shall APPOINT an Executor within twenty (20) days of the date of this Order. Each Attorney may submit to the Court one or two names of a proposed Executor within ten (10) days of the date of this Order.

4. Each attorney shall submit to the Court one or two names of a proposed trustee within ten (10) days of the date of this Order, in the event that Irwin Elgin Parker is unable or unwilling to serve as substitute trustee.

Appellant then filed this appeal.

¶ 3 It is well-settled that this Court has jurisdiction only over appeals from final orders and those interlocutory orders which have been specifically provided for by statute. 42 Pa.C.S.A. § 742; *In re Estate of Meininger,* 367 Pa.Super. 105, 532 A.2d 475 (1987). Under Pa.R.A.P. 341, an order is final if it disposes of all claims and all parties. In a decedent's estate, the confirmation of the final account of the personal representative represents the final order. *Id.* Thus, we have refused to entertain appeals from orders: determining that a spouse did not waive his statutory rights by a prenuptial agreement, *In re Estate of Borkowski,* 794 A.2d 388 (Pa.Super.2002); denying a motion to vacate an order approving the sale of real estate, *In re Estate of Habazin,* 451 Pa.Super. 421, 679 A.2d 1293 (1996); denying a request to compel the executor to file exceptions, *In re Estate of Preston,* 385 Pa.Super. 48, 560 A.2d 160 (1989); and dismissing objections to an account but not expressly confirming the account or approving the proposed distribution, *Meininger,* 367 Pa.Super. 105, 532 A.2d 475. Clearly, the orders appealed from in the present case do not dispose of all claims and all parties.

¶ 4 The January 5, 2001, order denied the petition to remove James Sorber as executor and *sua sponte* removed Phyllis Sorber as trustee of the trust created by the will. The April 4, 2001, order removed James Sorber as executor.[1] In the past, both this Court and our Supreme Court have entertained appeals from orders removing or refusing to remove an executor or trustee. Those cases held that an order denying a petition for removal of an executor or trustee is a final order for purposes of appellate review. *See In re McGillick Foundation,* 537 Pa. 194, 642 A.2d 467 (1994) (trustee); *In re Estate of Georgiana,* 312 Pa.Super. 339, 458 A.2d

---

1. James Sorber has not appealed so the issue raised in this appeal is whether the trial court erred in removing Phyllis Sorber as trustee.

989 (1983) (executor). However, effective January 1, 2001, our Supreme Court amended the Rules of Appellate Procedure to provide for the appealability of orders which determine "an interest in realty, personalty, **the status of individuals** or entities or an order of distribution not final" under other provisions of the Rules. Pa.R.A.P. 342 (emphasis added). Under this rule, such an order "shall constitute a final order upon a determination of finality by the Orphans' Court Division." *Id.* Absent such a determination, however, we do not have jurisdiction over the appeal. *Borkowski,* 794 A.2d 388. Rule 342 is applicable here because the order removing Phyllis Sorber as trustee is an order determining the status of an individual. Presently the trial court was not requested to, and did not make, a determination of finality. Therefore, we do not have jurisdiction and must quash this appeal.

¶ 5 Appeal quashed.