J-A35007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LORI JUNE BEAVER, RICHARD AND PEARL CHERRY, KAREN FEDUS AND DANIEL CHERRY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| RICHARD A CHERRY, JR., | |
| Appellee | No. 1171 WDA 2014 |

Appeal from the Order Entered June 18, 2014
In the Court of Common Pleas of Elk County
Orphans' Court at No(s): 11 of 2012

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 18, 2016**

Lori June Beaver, Richard and Pearl Cherry, Karen Fedus, and Daniel Cherry appeal from the order entered June 18, 2014, dismissing with prejudice their objections to the account of Richard A. Cherry, Jr. We quash.

In May 2009, Richard and Pearl Cherry (parents) formed an irrevocable trust, with assets in excess of $1.2 million, to produce income for their benefit and to protect the corpus of the trust for the benefit of their remainder beneficiaries.[1] The remainder beneficiaries are their four children: Richard A. Cherry, Jr., Daniel Cherry, Lori J. Beaver, and Karen

_____

[1] In light of our disposition, we derive our brief statement of the background of this case from the pleadings and trial court docket.

Fedus. Richard A. Cherry, Jr. and Lori J. Beaver were designated co-trustees. The parents each granted Richard A. Cherry, Jr. a durable power of attorney. Thereafter, according to Appellants, Richard A. Cherry, Jr. (hereafter, Appellee) systematically diverted control of his parents' personal finances to himself, including, for example, the alleged theft of the contents of a safety deposit box. In February 2012, his parents purportedly revoked Appellee's powers of attorney.

Appellants commenced this action in March 2012, filing a petition to remove Appellee as a trustee. In June 2012, Appellee filed an answer to the petition, including new matter and a counterclaim seeking declaratory judgment. In August 2012, Appellee amended his answer and counterclaim, clarifying that he sought declaratory judgment that the purported power of attorney revocations were void *ab initio*.

In November 2012, the trial court removed this matter from the trial list, based upon its understanding that Appellants planned to file a companion suit. Eventually, in June 2013, Appellants filed a complaint alleging that Appellee had breached his duties as power of attorney, demanding an accounting of his actions, and demanding a return of his parents' assets.[2] Appellants (including Daniel Cherry) also filed a motion demanding an accounting of Appellee's actions. It is not clear whether the

_____

[2] Appellant Daniel Cherry is not listed as a plaintiff in the complaint.

trial court disposed of this motion. Nevertheless, in September 2013, Appellee filed an account, along with a petition to confirm said account. Appellants timely filed objections thereto.

The trial court scheduled a hearing on Appellants' objections for December 2013, March 2014, and finally June 2014. No hearing was completed, as the parties were not prepared to proceed. A partial hearing was held in March 2014. *See* Notes of Testimony (N.T.), 03/05/2014. One witness testified; however, several Appellants were not present, and the matter was continued. *See* N.T. at 59-61 (indicating the court's frustration with the parties; directing the parties to complete discovery and be prepared to proceed in June); *see also* Trial Court Order, 03/05/2014 (indicating that the court would entertain an order dismissing Appellants' objections with prejudice if they were not prepared to proceed).

In June 2014, the trial court granted Appellee's motion to dismiss Appellants' objections with prejudice. *See* Trial Court Order, 06/18/2014. Appellants timely filed a motion for reconsideration, which was denied by the trial court. Appellants timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.

On appeal, Appellants purport to challenge the trial court's decision to dismiss with prejudice their objections to Appellee's accounting. *See* Appellant's Brief at 5-6. However, preliminarily, we must examine our jurisdiction to entertain this appeal. *In re Estate of Borkowski*, 794 A.2d

388, 389 (Pa. Super. 2002) ("We may raise the issue of appealability *sua sponte* because it affects our jurisdiction over the case.").

Under Pennsylvania Rule of Appellate Procedure 342, an appeal may be taken as of right from an order confirming an account. Pa.R.A.P. 342(a)(1). An order that merely dismisses objections, but does not confirm an account, is not a final, appealable order. ***In re Estate of Meininger***, 532 A.2d 475, 477 (Pa. Super. 1987). Here, the trial court dismissed with prejudice Appellants' objections but did not confirm Appellee's account, despite a petition for confirmation pending before it. ***See*** Petition for Confirmation, 09/04/2013. Accordingly, the order of June 18, 2014, is not a final, appealable order.[3] ***Meininger***, 532 A.2d at 477.

Appeal quashed.

_____

[3] In addition, there are other matters still pending before the trial court, including: (1) Appellants' petition to remove Appellee as a trustee, filed March 21, 2012; (2) Appellee's counterclaim for declaratory relief that his parents' purported power of attorney revocations were void *ab initio*, filed August 31, 2012; and (3) those claims raised in Appellants' complaint, filed June 6, 2013. These matters, too, must be resolved. ***See*** Pa.R.A.P. 341(b)(1) ("A final order is any order that … disposes of all claims and of all parties[.]"); ***see also*** Pa.R.A.P. 342(a).

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/18/2016