J-A28007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF RHEA S. NEEDLE, POWER OF ATTORNEY | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MICHAEL NEEDLE AND WILLIAM NEEDLE | : : : : : : | |
| | : | No. 2559 EDA 2021 |

Appeal from the Decree Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  322 PR of 2019

BEFORE:  PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED DECEMBER 5, 2022**

Michael Needle and William Needle appeal from the decree, entered in the Court of Common Pleas of Philadelphia County, Orphans' Court Division, denying their objection to the payment of account preparation fees to Appellee, Edward B. Dosik.  We quash the appeal.

This appeal arises from an account proceeding initiated by Appellants through the filing of a petition seeking an order compelling Appellee to file an account of his tenure as agent under a power of attorney executed by Rhea S. Needle, now deceased.  On June 27, 2019, the court ordered Appellee to file an account, which he did on October 30, 2019.  Appellants filed objections to the account, three of which were dismissed on preliminary objections.  The court held a hearing on the remaining objections, after which it entered an order sustaining one objection and denying the two remaining objections.

Appellants' notice of appeal listed three separate decrees dated November 8, 2021. Two of those decrees denied motions *in limine* filed by the Appellants in the Orphans' Court. By Order filed April 22, 2022, this Court quashed those appeals. ***See*** Pa.R.A.P. 341(b) (defining final appealable order). The third decree from which appeal was taken disposed of the objections to the account. By the same April 22, 2022 Order, this Court quashed that appeal, in part, allowing Appellants to proceed only on their appeal from the provision of the Orphans' Court's decree denying their objection to Appellee's request for account preparation fees.

As a prefatory matter, we must determine whether this appeal is properly before this Court. Pennsylvania Rule of Appellate Procedure 342 provides, in relevant part, that an appeal may be taken as of right from an order of the Orphans' Court "confirming an account, or authorizing or directing a distribution from an estate or trust[.]" Pa.R.A.P. 342(a). Pursuant to Pa.R.O.C.P. 2.9,

> (a)    An Account shall be confirmed or petition for adjudication/statement of proposed distribution approved when an adjudication or a decree of distribution is issued by the court and docketed by the clerk, expressly confirming the Account or approving the petition for adjudication/statement of proposed distribution and specifying, or indicating by reference to the petition for adjudication/statement of proposed distribution, the names of those to whom the balance available for distribution is awarded and the amount or share awarded to each.

> (b)    An adjudication confirming an Account discharges the fiduciaries as to those transactions set forth in the Account.

Pa.R.O.C.P. 2.9(a) & (b). Accordingly, in an Orphans' Court account proceeding, the final, appealable order is an adjudication or decree of distribution confirming the account and directing distribution of the available balance.

Here, the Orphans' Court entered neither an adjudication nor a decree of distribution and did not confirm the account. Rather, the court simply issued a decree ruling on Appellants' objections to the account. Such a decree is "an improper antecedent to confirmation of an account." **Estate of Meininger**, 532 A.2d 475, 477 (Pa. Super. 1987) (dismissing appeal of order disposing of objections but not confirming account and holding that, "[a]bsent confirmation, and its imprimatur of finality, an appeal is premature and therefore interlocutory"). Accordingly, the November 8, 2021, decree of the Orphans' Court disposing of Appellants' objections to the account is not appealable under Pa.R.A.P. 342, and we are constrained to quash the appeal.[1]

Appeal quashed.

---

[1] We note that the portion of the Orphans' Court's decree granting Appellee's account preparation fees and directing they be paid from the decedent's estate is not an order "authorizing or directing a distribution from an estate" as contemplated by Pa.R.A.P. 342(a). A "distribution" is an award to an intestate heir, or a beneficiary under a will or trust, of that individual's share of the net estate after payment of all debts and expenses of administration. The payment of account preparation fees is simply a disbursement of an administrative expense.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2022